MARY'S OPINION HEADING 






                     NO. 12-04-00080-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


JOHN CLOUD,                                                  §     APPEAL FROM THE 3RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

JANIE COCKRELL, ET AL.,
APPELLEES                                                      §     ANDERSON COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            This pro se in forma pauperis appeal is being dismissed for want of jurisdiction pursuant to
Texas Rule of Appellate Procedure 42.3(a). 
            The trial court dismissed Appellant’s lawsuit on January 9, 2004. Appellant filed a motion
for new trial on January 27, 2004. On March 24, 2004, Appellant filed a Motion for Extension of
Time in this Court. In his motion, he alleged that the trial court had dismissed his lawsuit, but that
he had filed “proper motions to reinstate.” He sought a 120-day extension to perfect the appeal of
either the dismissal of his lawsuit or the trial court’s refusal to reset the hearing required on
reinstatement. Appellant’s motion was overruled. 
            On April 20, 2004, Appellant notified this Court that, on April 26, 2004, the trial court would
hold a hearing on his motion for reinstatement and that “[c]urrently there is no issue to appeal.” We
dismissed the appeal, construing Appellant’s notice as a motion to dismiss the appeal as moot. See
Cloud v. Cockrell, No. 12-04-00080-CV, 2004 WL 857116 (Tex. App.–Tyler April 21, 2004, no pet.
h.). 
            On May 28, 2004, Appellant filed a Motion for Extension of Time to Present Appeal. As
grounds for his motion, Appellant alleged that he had filed a petition for removal in the United States
District Court for the Eastern District of Texas, Lufkin Division, and sought to delay the filing of his
notice of appeal until the federal court ruled on his motion. Appellant’s motion for extension of time
was overruled. On June 22, 2004, Appellant filed his notice of appeal, and we reinstated the appeal. 
            Unless Appellant timely filed a motion for new trial or other post-judgment motion that
extended the appellate deadlines, his notice of appeal was due to have been filed within thirty days
after the judgment dismissing his lawsuit was signed,” i.e., on or before February 9, 2004. See Tex.
R. App. P. 26.1(a). However, Appellant filed a motion for new trial on January 27, 2004. This
motion was timely and therefore extended the time for filing Appellant’s notice of appeal to ninety
days after the judgment was signed. See Tex. R. App. P. 26.1(a)(1). Consequently, Appellant’s
notice of appeal was due to have been filed on or before April 8, 2004. Because Appellant’s notice
of appeal was not filed until June 22, 2004, this Court has no jurisdiction to consider the appeal.
            On June 22, 2004, this Court notified Appellant, pursuant to rule of appellate procedure
42.3(a), that his notice of appeal was untimely, and it informed him that unless on or before July 7,
2004 the record was amended to establish the jurisdiction of this Court, the appeal would be
dismissed. On June 30, 2004, Appellant responded to this Court’s notice, contending that his notice
of appeal was timely filed. We disagree.
            Because this Court is not authorized to extend the time for perfecting an appeal except as
provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we dismiss the appeal for want of
jurisdiction. Tex. R. App. P. 42.3(a).
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.










(PUBLISH)